**Juan Manuel SANCHEZ; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–70975.

United States Court of Appeals, Ninth Circuit.

of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted April 12, 2004.*

Decided April 28, 2004.

Arielle N. Bases, Esq., Law Office of Arielle Bases, Encino, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John C. Cunningham, Esq., Cindy S. Ferrier, U.S. Department of Justice, Washington, DC, for Respondents.

Before: O'SCANNLAIN, RYMER, and BEA, Circuit Judges.

## MEMORANDUM **

Juan Manuel Sanchez and Julia Sanchez, husband and wife and natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") denial of their applications for cancellation of removal. We dismiss in part, and deny in part, the petition for review.

We lack jurisdiction to review whether petitioners have demonstrated the requisite "exceptional and extremely unusual hardship" for cancellation of removal. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 891 (9th Cir.2003).

To the extent petitioners contend that the BIA denied them due process by streamlining their case in light of the new standard for "exceptional and extremely unusual hardship" announced in *Matter of Monreal–Aguinaga,* 23 I. & N. Dec. 56, 2001 WL 534295 (BIA 2001), this argument does not raise a colorable due process challenge. *See Torres–Aguilar v. INS,* 246 F.3d 1267, 1270–71 (9th Cir.2001) ("To be colorable . . . the claim must have some possible validity"); *Ortiz v. INS,* 179 F.3d 1148, 1153 (9th Cir.1999) ("Due process challenges to deportation proceedings require a showing of prejudice to succeed.").

Petitioners contend that the IJ violated due process through her management of their immigration proceedings. To prevail in their due process challenge, they must show error and substantial prejudice. *See Larita–Martinez v. INS,* 220 F.3d 1092, 1095 (9th Cir.2000). Because they cannot show substantial prejudice, their due process claim fails. *Id.*

**PETITION FOR REVIEW DISMISSED in part, DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.